IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES D. PAHOUNDIS,    CASE NO. 2:08-cv-671; 09-cv-54
                       JUDGE GRAHAM
    Petitioner,        MAGISTRATE JUDGE KEMP

v.

EDWIN VOORHIES, Warden,
NOBLE CORRECTIONAL INSTITUTION,

    Respondent.

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant consolidated petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **GRANTED**, and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner's March 20, 2009, unopposed motion to amend the petition to include new claims, Doc. No. 9, is **GRANTED**. Petitioner also has filed a June 18, 2009, "motion for reconsideration," in which he requests a ruling on this consolidated habeas corpus petition. That motion, Doc. Nos. 12, 17, hereby is **DENIED,** as moot.

FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

The evidence presented at trial established on May 4, 2004, a red tow truck was stolen from a Guernsey County resident. During an airplane overflight, law enforcement officials observed the truck on the property upon which Appellant resided. Law enforcement officials entered the property, without a warrant, but with Appellant's consent, and inspected the vehicle. Appellant told the officers he purchased the tow truck, and retrieved a title to show to the officers. The officers compared the VIN number of the vehicle with the VIN number on the title. The VIN numbers did not match. Appellant then produced a second title, matching the VIN number on the red tow truck, but the second title was to a one-ton Chevrolet pickup truck. The officers also observed the rivets holding the VIN plate on the dash of the tow truck were new and shiny, while the VIN plate itself showed signs of deterioration.

On June 7, 2004, the officers returned to Appellant's property, and discovered the tow truck was gone. Appellant denied having any knowledge of the tow truck. The tow truck was never recovered.

Appellant was indicted on January 24, 2005, and counsel was appointed to represent him due to his indigent status. Counsel for Appellant did not file a motion to suppress the evidence.

Following the jury verdict, the trial court sentenced Appellant to four years on count one, and eleven months on count two.

Appellant filed an appeal with the Court on April 15, 2005. The same public defender prosecuted the appeal on behalf of Appellant. On November 15, 2005, this Court affirmed Appellant's conviction.

Appellant filed a pro se notice of appeal to the Ohio Supreme Court on January 30, 2006, concurrent with a motion for delayed appeal. On March 29, 2006, the Supreme Court denied the motion for delayed appeal.

On February 10, 2006, Appellant filed a *pro se* motion to reopen his appeal with this Court, arguing his sentences were improper and the ineffective assistance of appellate counsel.

> On February 23, 2006, this Court denied the motion to reopen.
>
> On September 12, 2006, Appellant moved the trial court for leave to file a petition for post-conviction relief, after having obtained private counsel. The trial court denied the motion, via Judgment Entry, on January 16, 2007.

*State v. Pahoundis*, 2007 WL 1991173 (Ohio App. 5th Dist. July 9, 2007). Petitioner filed a timely appeal, and on July 9, 2007, the appellate court affirmed the trial court's decision dismissing petitioner's post conviction petition as untimely. *See id.*

> On September 4, 2007, appellant filed a delayed motion for new trial. By judgment entry filed October 25, 2007, the trial court denied the motion.

*State v. Pahoundis*, 2008 WL 442556 (Ohio App. 5th Dist. February 11, 2008). On February 11, 2008, the appellate court denied petitioner's subsequent appeal. *Id.* On June 18, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Pahoundis*, 118 Ohio St.3d 1463 (2008).

On July 18, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Pursuant to Article VI of the United States Constitution, all state court judges are bound by federal law, the Constitution and Treaties....
>
> 2. Appellant was deprived of his 1st, 4th, 5th, 6th, and 14th Amendment guarantee [sic] him by the United States Constitution, when the State of Ohio charged and convicted him, based on conduct that does not violate the Ohio Revised Code Section for which he was convicted. Thus appellant is actually innocent of committing a criminal violation.

3

3. Appellant was deprived of his 1st, 4th, 5th, 6th, and 14th Amendments guaranteed him through the United States Constitution when he was convicted of a crime for which he is not guilty of committing and is actually innocent.

On January 21, 2009, petitioner filed a second habeas corpus petition, consolidated for consideration in these proceedings, in which he additionally asserts as follows:

4. Cognizable Issue. 6th, 14 Am. Due Process Clause and Equal Protection.

Karin B. McCain, foreman of the jury in charge of the [illegible] Crim.R. 6D she tampered with my jury in the juries [sic] deliberation room, "I'm being held against my will and against my freedom 1st Am. Actual innocence in the interest of justice.

5. Cognizable issue new claim... 6th Amendment Ineffective Assistance of Counsel....

6. ... Witness Rule.... All... testimony in my case didn't [get] sworn under oath.

7. Noble Correctional Institution....

NCI put me in computer [illegible].

Jimmy Pahoundis, libel, slander, informal complaint.

On March 20, 2009, petitioner amended the petition to additionally assert as follows:

8. Noble Correctional Institution, put me in computer, "[illegible]." Jimmy Pahoundis, libel, slander.

9. New claim cognizable issue "Public Bar Association."

5th Amendment my Miranda rights were violated.
6th Amendment Ineffective Assistance of Counsel.

*See Motion to Amend*, Doc. No. 9.

It is the position of the respondent that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection.

Here, petitioner's conviction became final on December 30, 2005, forty-five days after the appellate court's November 15, 2005, dismissal of his direct appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir.2001); Ohio Supreme Court Rule of Practice II, Section 2(A)(1)(a). The statute of limitations ran for thirty days, until January 30, 2006, when petitioner filed a motion for delayed appeal with the Ohio Supreme Court. Petitioner's motion for delayed appeal tolled the running of the statute of limitations until March 29, 2006, when the Ohio Supreme Court denied his motion for delayed appeal. *Lawrence v. Florida*, 549 U.S. 327 (2007). Petitioner's September 12, 2006, post conviction petition did not toll the running of the statute of limitations, because the state courts rejected the post conviction petition as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). His February 10, 2006, application to reopen the appeal pursuant to Ohio Appellate Rule 26(B)[1] also had no affect on the running of the statute of limitations, since the state appellate court dismissed this action February 23, 2006, and during the time that his motion for delayed appeal remained pending before the Ohio Supreme Court, already tolling the running of the statute of limitations. Therefore, the statute of limitations expired on February 27, 2007. Petitioner

---

[1] Although the appellate court, in its decision denying petitioner's Rule 26(B) application, indicates that he filed his Rule 26(B) application on February 13, 2006, it appears that petitioner actually filed his Rule 26(B) application on February 10, 2006. *See Exhibit 17 to Return of Writ*; *State v. Pahoundis*, *supra*, 2007 WL 1991173. Regardless, however, of which date is used, petitioner's federal habeas corpus petition remains untimely.

waited until July 8, 2008, approximately one year and four months later to sign the instant habeas corpus petition. His September 4, 2007, motion for a new trial did not toll the running of the statute of limitations, since he waited to file such motion until after the statute of limitations had already long expired. The tolling provision does not "'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir.2003).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **GRANTED**, and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner's March 20, 2009, unopposed motion to amend the petition to include new claims, Doc. No. 9, is **GRANTED**. Petitioner's June 18, 2009, "motion for reconsideration," Doc. Nos. 12, 17, hereby is **DENIED,** as moot.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court

7

may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge